**AVA VILI for himself and the
AVA FAMILY of Pava'ia'i, Plaintiff**

**v.**

**FOMA'I P. LOGOAI, FA'ALILIU LOGOAI
and her children, Defendants**

**AVA V. AVA, Plaintiff**

**v.**

**MIKE McDONALD, Defendant**

High Court of American Samoa
Land and Titles Division

LT No. 32-90
LT No. 36-90

May 8, 1991

Before REES, Associate Justice, AFUOLA, Associate Judge.

Counsel: For Plaintiff Ava V. Ava, Tau'ese P.F. Sunia
 For Defendants Foma'i P. Logoai and Fa'aliliu Logoai,
 Roger K. Hazell
 For Defendant Mike McDonald, William H. Reardon

On Motion for Summary Judgment:

In one of these two consolidated cases, LT No. 32-90, plaintiff Ava Vili asks for declaratory judgment that a registration or purported registration of land called "Lalofatu" as individually owned land of the Fa'aliliu Logoai and her children is null and void. The stated grounds for the requested relief are that the land in question is communal land of the Ava family and that the Logoai defendants are members of the Ava family who engaged in "manipulation of the legal process to allow the registration of this land." The specific "manipulation" alleged by the complaint is that the defendants are said to have engaged "the aid by a relative in the Registrar's Office to secure this registration without the required publication."

The Logoai defendants now move for summary judgment. The motion appears to be based on the contention that a Certificate of Registration is conclusive no matter how it was obtained. An affidavit in support of the motion is signed by defendants' counsel, rather than by a witness to the events that gave rise to the litigation, and alleges simply that counsel has checked the records and there is indeed a Certificate of Registration. Counsel has also submitted the Registrar's file concerning the registration in question.

It appears affirmatively from the documents in the Registrar's file, however, that the land "Lalofatu" surveyed and registered by the defendants is indeed communal land of the Ava family and not individual land of the defendants. The specific part of the public record from which this fact appears is a "Petition to Permit Surveying of Land" submitted to the Court in 1977 by then-counsel for the present defendants, Fa'aliliu Logoai and her children, and signed by Fa'aliliu herself.

If the land in question was communal land of the Ava family in 1977, there are only two ways it could become individual land of the Logoai defendants: by adverse possession for thirty years, as provided by A.S.C.A. § 37.0120, or by compliance with the statutory procedures for alienation of communal land, including the approval of the Land Commission and the Governor, as provided by A.S.C.A. § 37.0201 et seq. Defendants do not claim that either of these things has happened.

It is true, as counsel for defendants observes, that compliance with the land-registration statute (A.S.C.A. § 37.0101 et seq.) creates a strong *presumption* that the land belongs to the person or persons named in the certificate of registration. Indeed, this presumption has been held to be conclusive unless rebutted either (a) by compelling proof that the certificate of registration was obtained by fraud or (b) by fatal irregularities affirmatively appearing on the face of the registration documents. *See Ifopo v. Siatu'u*, 12 A.S.R.2d 24 (1989); *Faleafine v. Suapilimai*, 7 A.S.R.2d 108 (1988).

In this case the registration documents convincingly and affirmatively disprove the very thing they would otherwise cause us to presume: that the defendants were the true owners of Lalofatu at the time they offered it for registration. The case before us is almost identical to *Faleafine, supra*, in which the registrant procured her survey by swearing that the land was her individual land but decided later in the registration process that the land was actually the communal property of a family whose matai title she had acquired in the interim. Because this inconsistency appeared on the face of the registration documents themselves, and because it caused the documents viewed as a whole to be consistent neither with the requirements for registration of individual land nor with the somewhat different requirements for registration of communal land, the registration was held null and void. *See also Solomona v. Governor of American Samoa*, 17 A.S.R.2d 186, 191-92 (1990), in which the Appellate Division held that formal compliance with the registration procedures did not vest the registrant with title to land which affirmatively appeared to be tidal or submerged land insusceptible of private ownership.

Counsel for defendants seems to misapprehend *Ifopo* --- as, indeed, the unsuccessful appellants in that case misunderstood the trial court's opinion --- as standing for the proposition that one who successfully negotiates the hurdles in the registration procedure thereby *becomes* the owner of the registered property even if he did not really own it before.

77

On the contrary, the legal effect of a registration is evidentiary rather than constitutive. It creates a presumption that the registrant owned the land *before* he registered it. Because the procedure gives anyone who contests the registrant's claim a fair chance to state and prove his objections, the resulting presumption is almost always conclusive. It cannot be rebutted, for instance, merely by evidence that the land has traditionally been reputed to belong to someone other than the registrant or even by the testimony of one or several witnesses who say they never saw the required posting. *See Ifopo*, 12 A.S.R.2d at 28. In the present case, however, the presumption of prior evidence is rebutted by the best evidence in the world: the admission of the registrants themselves, affirmatively appearing on the face of the very documents which would otherwise constitute their only evidence of title.

To extend the rule of *Ifopo* to insulate such a registration would transform the rule from a strong evidentiary presumption into a process for vesting and divesting title. Such an extension would implicitly overrule such cases as *Faleafine* and *Solomona* and would also create a conflict between the registration statute and the statutes governing alienation of land.

This case differs from *Faleafine* and *Solomona* in one important respect: in those cases the invalid certificates of registration were issued by the Registrar's office on its own initiative, whereas in the present case the defendants procured a Court order requiring the Registrar to issue the certificate. Such an order, if issued by a court having jurisdiction over the parties and the subject matter, is binding on the parties and their successors in interest and can be vacated only in the most extraordinary and compelling of circumstances. *See generally* T.C.R.C.P. 60(b).

The order at issue in the present case, however, did not resolve (or even purport to resolve) the question with which we are now presented. The order was issued in 1984 in a case styled "In the Matter of the Application by: Fa'aliliu P.S. Logoai and Children, Applicants," LT No. 19-77. The case was then seven years old. It had been filed in 1977 in reaction to the efforts of Ava Vili, the present plaintiff, to prevent defendants' survey. Curiously, however, it did not name Ava or anyone else as a defendant; rather, it was brought as an *ex parte* proceeding. This was highly irregular insofar as the petition sought relief against a specific person; the effect of the irregularity was to prevent the Court from acquiring jurisdiction over Ava or anyone else.

78

Nor was Ava or anyone else served with the 1984 application that led to the order to the Registrar. Indeed, not even the Registrar was served until after the order had been issued. Instead, the application was made *ex parte* by Foma'i Paepule, one of the present defendants, who alleged that the Registrar had refused to issue a certificate only because of a minor technicality, the absence of a date on the survey map. The application was given the caption of LT No. 19-77, although that case had been closed for over seven years and although the Registrar had never been a party to the case. Mr. Paepule supplied an affidavit including the missing date, and the Court signed the requested order. While this order might conceivably be conclusive of any controversy between the present defendants and the Registrar having to do with the accuracy of the date in question or with the absence of the date in the registration documents, it did not purport to address the only question at issue between the present parties: whether a registration of somebody else's property, affirmatively identified as such by the applicant in his registration documents, is nevertheless a valid registration. Because neither this issue nor Ava was before the Court in LT No. 19-77, the order in that case does not bar Ava from relitigating the issue. *See Puailoa v. Estate of Lagafuaina*, 11 A.S.R.2d 54 (1989), *aff'd*, 19 A.S.R.2d 40 (1991).

Defendants' motion for summary judgment is denied. Indeed, summary judgment for plaintiff might be appropriate, but no motion for such judgment has been filed.

It is so ordered.